IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.          CRIMINAL ACTION NO. 2:10-cr-00161-02

BRADLEY ERIC BACKUS,

    Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

  Pending before the Court are Defendant's motions, brought pursuant to 18 U.S.C. § 3582(c)(2), to reduce Defendant's sentence based on a subsequent reduction in the applicable sentencing guideline. (ECF Nos. 151 and 155.) On November 1, 2014, the United States Sentencing Guidelines were amended resulting in reductions to the guideline applicable to drug trafficking offenses, U.S. Sentencing Guidelines Manual § 2D1.1 ("Amendment 782"). The guideline reduction was given retroactive effect. Pursuant to the order entered on October 21, 2015, this case was designated for standard consideration. (ECF No. 156.) The Court has received the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and addendum to the PSI from the Probation Office, and received any materials submitted by the parties on this issue.

  On August 4, 2011, this Court sentenced Defendant to a term of 72 months of imprisonment, to be followed by a three-year term of supervised release. (ECF No. 136.) With regard to the sentencing guidelines, the Court found an adjusted offense level of 34, reduced by

1

three levels for acceptance of responsibility for a total offense level of 31. Combined with a criminal history category of II, this yielded a guidelines imprisonment range of 121–151 months. (ECF No. 134.) Defendant was ultimately given a below-guideline sentence of 72 months based on the Court's decision to grant a downward variance. (*Id.*)

As a result of Amendment 782's two-level reduction to Defendant's guideline offense level, Defendant's guideline range has been correspondingly reduced to 97–121 months. However, because the Court granted a variance in sentencing Defendant, his original 72-month sentence is still well below the minimum guideline range established by the new amendment. When that is the case, the guidelines require that, unless the original below-guideline sentence was the result of a government motion indicating substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guidelines range determined under subdivision (1) of this subsection." U.S. Sentencing Guidelines Manual § 1B1.10(b)(2) (U.S. Sentencing Comm'n 2015).[1] As noted above, applying the amended § 2D1.1 table to Defendant's offense, as directed by § 1B1.10(b)(1), yields a guideline range of 97–121 months. Within the limited context of § 3582(c)(2) proceedings, the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), does not apply and the policy statement articulated in § 1B1.10 of the guidelines is binding. *See Dillon v. United States*, 560 U.S. 817 (2010). Accordingly, this Court has no authority to reduce Defendant's sentence as a result of Amendment 782.[2]

---

[1] The guidelines direct that a court shall use the version of § 1B1.10 that is in effect on the date on which the court reduces a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2). U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.8 (U.S. Sentencing Comm'n 2015).

[2] Defendant nonetheless argues that he should receive a sentence reduction for two reasons. First, although he concedes that he did not receive a substantial assistance motion from the government at sentencing, he argues that he is nonetheless eligible for a reduction based on the exception to § 1B1.10(b)(2) that allows a court to reduce a term of imprisonment below an amended guideline range where the original below-guideline sentence was the result of "a

Based on the foregoing considerations, the Court finds that Defendant is ineligible for a sentence reduction based on the 2014 amendments to U.S.S.G. § 2D1.1. Accordingly, Defendant's motions for a sentence reduction, (ECF Nos. 151 and 155), are **DENIED.** Further pending in this case is Defendant's motion to seal memorandum of Defendant, (ECF No. 164). For the reasons cited in the motion, which the Court finds support the relief requested, the Court **GRANTS** the motion, and **DIRECTS** the Clerk to filed Defendant's memorandum **UNDER SEAL.**

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: February 25, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines Manual § 1B1.10(2)(B) (U.S. Sentencing Comm'n 2015). This argument is foreclosed by the plain language of § 1B1.10 which, as noted above, is binding in § 3582(c)(2) proceedings pursuant to *Dillon*. *See United States v. Deane*, 515 F. App'x 195, 197 (4th Cir. 2013) ("As the Guidelines make clear, [a defendant's] below-Guidelines sentence could be proportionally reduced even further only if the original reduction was based on substantial assistance." (citation omitted)). Defendant's fairness and policy based arguments to disregard § 1B1.10(b)(2)'s plain directive ignores the Supreme Court's recognition that § 3582(c)(2) proceedings are not meant to be "plenary" resentencing proceedings and that a Court's ability to reduce a sentence based on the multi-factor analysis set forth in 18 U.S.C. § 3553(a) is only authorized "'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission'—namely, § 1B1.10." *Dillon*, 560 U.S. at 826 (quoting 18 U.S.C. § 3582(c)(2)). Applying § 1B1.10(b)(2) may not always seem fair in each individual case, but this Court simply lacks any discretion to depart from its clear command or, absent the actual presence of a substantial assistance motion at the original sentencing, to reduce Defendant's sentence to anything below his amended guideline range.

Defendant also argues that applying the current version of § 1B1.10 to his motion would violate ex post facto principles. This Court recently addressed an identical argument and, for the reasons stated in that opinion, rejects Defendant's ex post facto challenge. *See United States v. Kay*, Criminal Action No. 6:09-cr-00252, 2016 WL 661591 (S.D. W. Va. Feb. 18, 2016).